**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ROSALINDA GARCIA, individually and as a successor in interest to Decedent ANTONIA GARCIA, JR.; THE ESTATE OF ANTONIO GARCIA, JR.,**<br><br>　　　　　　　**Plaintiffs,**<br><br>　　v.<br><br>**COUNTY OF FRESNO, FRESNO COUNTY SHERIFF RICHARD PIERCE, and DOES 1 through 100, inclusive,**<br><br>　　　　　　　**Defendants.** | 1:05-CV-0794 OWW SMS<br><br>ORDER GRANTING, IN PART, AND DENYING, IN PART, DEFENDANTS' MOTION TO DISMISS, AND GRANTING, IN PART, AND DENYING, IN PART, DEFENDANTS' MOTION FOR MORE DEFINITE STATEMENT |

## I.   INTRODUCTION

Plaintiffs Rosalinda Garcia and the Estate of Antonio Garcia, Jr., bring this action pursuant to Title 42, Section 1983, of the United States Code, alleging violation of their federal civil rights.  Plaintiffs also bring an action for wrongful death and causes of action relating to alleged violations of the Unruh Civil Rights Act and other causes of action under the laws of the State of California.  Plaintiffs' claims are based upon the March 20, 2004, fatal shooting of

decedent Antonio Garcia, Jr., allegedly by Fresno County Sheriff's Deputies Eric Broughton and Carlin Williams.

The Defendants move to dismiss for failure to state a claim, pursuant to Rule 12(b)(6), F.R.Civ.P., and for more definite statement, pursuant to Rule 12(e), F.R.Civ.P. The Plaintiffs oppose the former in its entirety. The Plaintiffs oppose the latter with regard to the First and Fifth Causes of Action, but request leave to amend their Second, Third, Fourth, Sixth, Seventh, and Eighth Causes of Action.

## II.   PROCEDURAL HISTORY

The Plaintiffs originally filed the complaint in Fresno County Superior Court on May 13, 2005, Case Number 05 CE CG 01473 MWS. On June 17, 2005, the Defendants filed notice of removal to federal court pursuant to Title 28, Section 1441(b), of the United States Code.

## III.   BACKGROUND

The Plaintiffs assert eight causes of action. In the First Cause of Action, based on Section 1983, the Plaintiffs sue Sheriff Richard Pierce (hereinafter, "Pierce"), in both his official and individual capacities; "Doe One" and "Doe Two," the deputies who allegedly shot the decedent to death, and whom Plaintiffs have identified in their Opposition to Defendant's Motion to Dismiss (hereinafter, "the Opposition") as Eric Broughton and Carlin Williams (hereinafter, "the Officers"); and the County of Fresno (hereinafter, "the County") (hereinafter, collectively, "the Defendants").

1    The Plaintiffs allege that the Officers maliciously and
2 intentionally used excessive force against the decedent,
3 resulting in his death.  The Plaintiffs further allege that the
4 Defendants failed to provide adequate training and supervision in
5 the lawful use of force, a failure which amounted to deliberate
6 indifference to the safety and lives of County citizens, and
7 which was the proximate cause of the decedent's death.  They
8 allege that the Defendants created and fostered within the
9 Department an "atmosphere of lawlessness," in which officers were
10 led to believe that the use of excessive force would be condoned
11 by their superiors, and that this atmosphere led to the
12 decedent's death.  They claim that the Defendants carried out a
13 policy or custom that presumed that all Mexican males were
14 violent, and had to be approached with the intent to subdue them.
15 They further allege that the decedent's due process rights were
16 violated when he was unlawfully killed.
17    Plaintiffs' Second Cause of Action is for violation of the
18 decedent's rights enumerated in Article 1, Section 1 of the
19 California Constitution, invasion of privacy and deprivations of
20 life and liberty.
21    Plaintiffs' Third Cause of Action is against the officers
22 for assault and battery.
23    The Fourth Cause of Action alleges that the Defendants
24 violated the decedent's civil rights under California Civil Code
25 Section 51.7.
26    The Fifth Cause of Action is for wrongful death and a
27 survival action arising out of the events of March 20, 2004.
28    The Sixth and Seventh Causes of Action allege intentional

**3**

and negligent infliction of emotional distress, respectively.

The Eighth Cause of Action alleges negligence on the part of the Defendants which resulted in the death of the decedent.

### IV. LEGAL STANDARD AND ANALYSIS

Plaintiffs do not oppose the motions as to and request leave to amend their Second, Third, Fourth, Sixth, Seventh, and Eighth Causes of Action. The analysis focuses on the First and Fifth Causes of Action.

1. The First Cause of Action: 42 U.S.C. § 1983.

A. Sheriff Pierce

The Defendants move to dismiss the First Cause of Action against the Sheriff on the grounds that he is subject to suit neither in his official nor in his individual capacity.

The Defendants state that Pierce can only be sued in his individual capacity on proof of some "direct and personal participation in the incident in question." Dismiss Mot. at 3 (*citing Hansen v. Black*, 885 F.2d 642, 645-46 (9th Cir. 1989)). Plaintiffs do not allege any fact from which it could be inferred that Pierce personally took part in, had knowledge of, or ratified the events which directly led to the decedent's death.

*Menotti v. City of Seattle*, outlines the rule:

> [s]upervisory liability is imposed against a supervisory official **in his individual capacity** for his own culpable action or inaction in the training, supervision, or control of his subordinates, for his acquiescence in the constitutional deprivations of which the complaint is made, or for conduct that showed a reckless or callous indifference to the rights of others.

**4**

1  *Menotti*, 409 F.3d 1113, 1149 (9th Cir. 2005) (emphasis added).

2  Plaintiffs' factual allegations against Pierce include none
3  of these prerequisites to supervisor liability.  The motion to
4  dismiss the first claim must be granted, with leave to amend.

5  The Defendants further claim qualified immunity for Pierce.
6  Qualified immunity which entails a fact-intensive analysis of the
7  government actor's conduct cannot be decided if factual or
8  credibility disputes exist.  The legal conclusion of alleged
9  immunity is not sufficient to defeat the allegations of a well-
10 pleaded complaint which must be accepted as true on a motion to
11 dismiss.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

12 Government officials performing discretionary functions
13 generally are shielded from liability for civil damages insofar
14 as their conduct does not violate clearly-established statutory
15 or constitutional rights of which a **reasonable person** would have
16 known.  *Harlow v. Fitzgerald*, 457 U.S. 800 (1982) (emphasis
17 added).  Qualified immunity shields officials from civil damages
18 as long as their actions could **reasonably** have been thought
19 consistent with the rights they are alleged to have violated.
20 *Anderson v. Creighton*, 483 U.S. 635 (1987) (emphasis added).

21 The threshold question which a court must consider when it
22 is required to rule upon the qualified immunity issue is whether
23 the facts alleged, when taken in the light most favorable to the
24 party asserting the injury, show the officer's conduct violated a
25 constitutional right.

26 If no constitutional right would have been violated were the
27 allegations established, there is no necessity for further
28 inquiries concerning qualified immunity.  On the other hand,

**5**

>  if a violation could be made out on a favorable view of the
>  parties' submissions, the next, sequential step is to ask
>  whether the right was clearly established. This inquiry
>  . . . must be undertaken in light of the specific context of
>  the case, not as a broad general proposition; and it too
>  serves to advance understanding of the law and to allow
>  officers to avoid the burden of trial if qualified immunity
>  is applicable. . . . The relevant, dispositive inquiry in
>  determining whether a right is clearly established is
>  whether it would be clear to a reasonable officer that his
>  conduct was unlawful in the situation he confronted.

*Saucier v. Katz*, 533 U.S. 194, 201-202 (2001).

The reasonableness requirement of the qualified-immunity rule presents a fact-intensive inquiry if plaintiffs can state a claim. Plaintiffs must allege the Sheriff's personal knowledge and ratification or participation in establishing a policy of deficient training.

A suit against Pierce in his official capacity, under *McMillian v. Monroe County*, 520 U.S. 781 (1997), is in effect a suit against the pubic entity. *See Luke v. Abbott*, 954 F.Supp. 202, 203-204 (9th Cir. 1997). Whether Pierce is a state official for purposes of Eleventh-Amendment immunity depends on state law, and *Venegas v. County of Los Angeles*, 32 Cal.4th 820 (2004). There, the California Supreme Court held that sheriffs, like Pierce, are state officials for such purposes. See Dismiss Mot. at 6. Plaintiffs concede that Pierce in his official capacity is a redundant defendant with the County, *Luke*, and acquiesce in his dismissal in his official capacity only. Opp. at 2. The motion

1  to dismiss the official capacity claim against Pierce is GRANTED.
2  B.   The County of Fresno
3       The Defendants argue that the Plaintiffs' Section 1983 claim
4  against the County should be dismissed on the grounds that the
5  Plaintiffs' allegations fail to state a claim.  Specifically,

> Plaintiffs do not allege what unlawful acts or
> practices [the County] supervisors knew of, or should
> have known of, prior to the death of the decedent.
> Plaintiffs do not allege what actions [the County]
> failed to adequately supervise or discipline or any
> facts to support their position that [the County]
> carried out an official policy that presumed all
> Mexican males are violent and should be approached with
> the intent of subduing them.  Plaintiffs also fail to
> provide any facts that establish [the County] knew, or
> acted with reckless disregard, or acted willfully and
> maliciously, so as to display a conscious indifference
> to the danger of harm and injury to any citizen.
> Plaintiffs have offered insufficient facts that the
> training and supervision of [the County's] Sheriff's
> Deputies was inadequate.

Dismiss Mot. at 7.

In an opinion cited by neither side, however, the Ninth Circuit, following United States Supreme Court authority, rejected, in the context of a 12(b)(6) motion, the imposition of a heightened pleading standard for Section 1983 suits, except as otherwise required by the Federal Rules of Civil Procedure. *Empress LLC v. City and County of San Francisco*, 419 F.3d 1052,

**7**

1055-56 (9th Cir. 2005).

The County may be held liable under Section 1983 for the violations alleged only if the officers' conduct was a product of County policy or custom. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691-694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). "Liability may attach to a municipality only where the municipality itself causes the constitutional violation through 'execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy.' " *Ulrich v. City and County of San Francisco*, 308 F.3d 968, 984 (9th Cir. 2002) (*quoting Monell*, 436 U.S. at 694, 98 S.Ct. 2018) (a county is subject to *Monell* under Section 1983). A municipal "policy" exists when "a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986) (plurality opinion); *Fairley v. Luman*, 281 F.3d 913, 918 (9th Cir.2002) (per curiam).

There are three ways to establish a policy or custom of public entity: (1) by showing a longstanding practice or custom which constitutes the "standard operating procedure" of the local government entity; (2) by showing that the decision-making official was, as a matter of state law, a final policymaking authority whose edicts or acts may fairly be said to represent official policy in the area of decision; or (3) by showing that an official with final policymaking authority either delegated that authority to, or ratified the decision of, a subordinate.

The Ninth Circuit has held that a municipal policy may be inferred from widespread practices or evidence of repeated constitutional violations for which the errant municipal officers were not discharged or reprimanded. *Menotti*, 409 F.3d at 1147 (9th Cir. 2005) (internal quotation marks and citations omitted).

Plaintiffs allege that the County failed to train and supervise their officers, including a failure to properly train them in the use of force, and that this failure resulted in decedent's death. In *City of Canton v. Harris*, 489 U.S. 378 (1989), the Court indicated that lack of instruction in the use of deadly force could constitute "deliberate indifference," sufficient to establish a policy of inadequate training or supervision. *City of Canton*, 489 U.S. at 387; *Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 409-10 (1997); Erwin Chemerinsky, Federal Jurisdiction § 8.5.2, pp. 499-502 (Aspen, 4th ed. 2003).

Plaintiffs further allege that the County created, or participated in the creation of, an "atmosphere of lawlessness," resulting more or less proximately in the death of the decedent. The phrase "atmosphere of lawlessness" has been interpreted as sufficient to mean "both [] the existence of general policies and practices within the" defendant police department "which led to the violation of plaintiff's constitutional rights," and "acceptance or support of these policies" by the supervisors. *Norton v. McKeon*, 444 F.Supp. 384, 388 (E.D.Pa. 1977).

Plaintiffs' allegation of a "policy" which presumed all Mexican males to be pre-disposed to violence is directly cognizable as a "policy or custom."

Under notice-pleading requirements, the *Monell* allegations

**9**

are sufficient to enable Defendants to frame a response. Defendants' motion to dismiss the County is DENIED under *Monell*. The First Cause of Action, however, is dismissed on other grounds.

2.   The Second Cause of Action: Deprivation of Rights Guaranteed by the California Constitution, Article 1, Section 1

Plaintiffs allege that the County, Pierce, and the Sheriff's Deputies deprived the decedent of his rights to life and liberty under Article 1, Section 1, of the California Constitution:

> All people are by nature free and independent and have inalienable rights.  Among these are enjoying and defending life and liberty, acquiring, possessing and protecting property, and pursuing and obtaining safety, happiness, and privacy.

Cal. Const., Art. 1, § 1.

The Plaintiffs, however, have failed to cite authority that this constitutional provision supports a private cause of action for damages.  Although the Plaintiffs also allege an invasion of the right of privacy, for which Article 1, Section 1, has been interpreted to provide such a remedy, *see, e.g., Urbaniak v. Newton*, 226 Cal.App.3d 1128, 1136 (1991), a meaningful reading of the complaint indicates that the violation of privacy rights is not raised by any facts alleged.  The Defendants' motion to dismiss is GRANTED with respect to the Second Cause of Action.

3.   The Third Cause of Action: Assault and Battery

Plaintiffs advance claims of assault and battery against the County, Pierce, and the officers.

As to the officers, the complaint states a cause of action

**10**

with sufficient definiteness under the notice-pleading standard, alleging that the officers shot and killed the decedent unlawfully, which satisfies the requirement of an offensive or harmful touching.

As to Pierce, however, the complaint fails to state a claim. As noted above, Plaintiffs do not allege any fact from which it can be inferred that Pierce personally took part in, had knowledge of, or ratified the events which directly led to the decedent's death.  As to the County, the *Monell* allegations are sufficient.

Defendants' motion to dismiss the third claim is GRANTED as to Pierce with leave to amend.  It is DENIED as to the other Defendants.

4. The Fourth Cause of Action: Interference with State Civil Rights

Plaintiffs allege violations of California Civil Code Section 51.7, and claim damages for these violations pursuant to Sections 52(b) and 52.1.

As to the Sheriff, this cause of action suffers from the same defect in pleading as the Third Cause of Action: Plaintiffs do not allege any fact from which it could be inferred that Pierce personally took part in, had knowledge of, or ratified the events which directly led to the deprivations of the decedent's rights of which Plaintiffs complain. A claim of liability is properly pled against the Sheriff's Deputies, however. Nor is an allegation of discriminatory animus required to support the cause of action under state law. *Venegas*, 32 Cal.4th at 841-43.

5. The Fifth Cause of Action: Wrongful Death and Survival

**11**

Action

Although neither party has cited the law, Plaintiffs' wrongful-death action against the County for the Officers' alleged actions is authorized by California Government Code Section 815.2, which provides in relevant part:

> A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative.

Cal. Gov. Code § 815.2; *Zelig v. County of Los Angeles*, 119 Cal.4th 1112, 1127-28 (2002).

Plaintiff Rosalinda Garcia, the decedent's mother, has standing to sue for the decedent's wrongful death as his successor in interest under California Code of Civil Procedure Section 377.30:

> A cause of action that survives the death of the person entitled to commence an action or proceeding passes to the decedent's successor in interest . . . and an action may be commenced by the decedent's personal representative or, if none, by the decedent's successor in interest.

Cal. Code Civ. Proc. § 377.30.

The elements of a wrongful-death are: (1) a wrongful act or neglect on the part of one or more persons that (2) causes (3)

**12**

the death of another person.  Cal. Code Civ. Proc. § 377.60; *Norgart v. Upjohn Co.*, 21 Cal.4th 383, 390 (1999).  The complaint alleges facts addressing each of these elements.  The Plaintiffs claim that the Officers (1) used excessive force against the decedent, thereby (2) causing (3) his death.  The County, if liable under *Monell*, is a proper defendant under Section 377.60 of the California Code of Civil Procedure.

Defendants point out that the complaint alleges that the County and Pierce also caused the decedent's death by failing to train the Officers in the appropriate use of force, a failure which the Plaintiffs claim resulted from a "policy or custom."

The Defendants' motion to dismiss and motion for more definite statement regarding the Fifth Cause of Action are DENIED.

6.  The Sixth Cause of Action: Intentional Infliction of
     Emotional Distress

Plaintiffs claim Defendants intentionally inflicted emotional distress upon the decedent.

"[T]o state a cause of action for intentional infliction of emotional distress, a plaintiff must show: (1) outrageous conduct by the defendant; (2) the defendant's intention of causing or reckless disregard of the probability of causing emotional distress; (3) the plaintiff's suffering severe or extreme emotional distress; and (4) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Huntingdon Life Sciences, Inc. v. Stop Huntingdon Animal Cruelty USA, Inc.*, 129 Cal.App.4th 1228, 1259 (Cal.App. 2005).

**13**

Plaintiffs do not allege any fact from which it could be inferred that Pierce personally took part in, had knowledge of, or ratified the events which directly led to the decedent's death. Plaintiffs have not alleged facts from which the first, second, or fourth elements of this cause of action could be found. The Defendants' motion to dismiss with regard to Pierce is GRANTED with leave to amend.

In alleging that the Officers intentionally shot decedent to death, in part because he was Hispanic, Plaintiffs state a cause of action against the Officers for intentional infliction of emotional distress. The County may be liable for the Officers' alleged actions through Section 815.2 of the California Government Code. Defendants' motion to dismiss the sixth claim as to the County and the Officers is DENIED.

7.  The Seventh Cause of Action: Negligent Infliction of
    Emotional Distress

A cause of action for negligent infliction of emotional distress requires that a plaintiff show (1) serious emotional distress, (2) actually and proximately caused by (3) wrongful conduct (4) by a defendant who should have foreseen that the conduct would cause such distress." *Austin v. Terhune*, 367 F.3d 1167, 1172 (9th Cir. 2004) (applying California law).

Plaintiffs have not alleged facts sufficient to show that the Sheriff actually and proximately caused decedent's emotional distress. As to the Sheriff, Defendants' motion to dismiss is GRANTED, with leave to amend.

**14**

In alleging that the Officers shot decedent to death, in part because he was Hispanic, Plaintiffs have stated a cause of action against the Officers for intentional infliction of emotional distress. The County is potentially liable for the Officers' alleged actions through Section 815.2 of the California Government Code. With regard to the County and the Officers, Defendants' motion to dismiss the seventh claim is DENIED.

8.   The Eighth Cause of Action: Negligence

Plaintiffs allege that the County, the Sheriff, and the Officers all had a duty not to use excessive force while attempting to arrest the decedent. Plaintiffs allege that the County, the Sheriff, and the Officers all breached this duty when the Officers fatally shot the decedent.

Plaintiffs have not alleged facts sufficient to show that the Sheriff participated in or ratified the decedent's death. As to the Sheriff, Defendants' motion to dismiss is GRANTED, with leave to amend.

In alleging that the Officers unnecessarily shot decedent to death, Plaintiffs have stated a cause of action against the Officers for negligence. The County may be liable for the Officers' alleged actions through Section 815.2 of the California Government Code. With regard to the County and the Officers, Defendants' motion to dismiss is DENIED.

### VI.   CONCLUSION

Leave to amend is GRANTED regarding the Second, Third, Fourth, Sixth, Seventh, and Eighth Causes of Action. The

**15**

Defendants' motion to dismiss and for more definite statement is DENIED regarding the First and Fifth Causes of Action. Any amended complaint shall be filed within twenty (20) days following service of this decision by the clerk of court.

**SO ORDERED**

**DATED: November _21__, 2005.**

                                          **/s/ OLIVER W. WANGER**

                                          _____

                                            **OLIVER W. WANGER**

                                        **United States District Judge**